

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

*PAUL J. FISHMAN*
*United States Attorney*

*JASON M. RICHARDSON*
*Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026*
*401 Market Street, 4th Floor                              Fax: 856/968-4917*
*Post Office Box 2098                                 Direct Dial: 856/968-4869*
*Camden NJ 08101-2098*

January 6, 2014

JMR-MTS:AC Murder for Hire\2013R01283
Alvin Matthews.Plea Agreement

Justin Loughry, Esquire
Loughry & Lindsay, LLC
330 Market Street
Camden, NJ 08102

14-148 (JHR)

Re:   Plea Agreement with Alvin Matthews

Dear Mr. Loughry:

This letter sets forth the plea agreement between your client, Alvin Matthews, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Alvin Matthews to a three-count Information. Count 1 charges Alvin Matthews with conspiracy to use interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. Count 2 charges Alvin Matthews with use of a firearm, and aiding and abetting the use of a firearm, in furtherance of a crime of violence, that is the shooting of Victim #1, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count 3 charges Alvin Matthews with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). If Alvin Matthews enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Alvin Matthews for his role in the conspiracy with R.G., J.J. and A.W., to murder A.T. on November 30, 2013 in Atlantic City. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Alvin Matthews may be commenced against

him, notwithstanding the expiration of the limitations period after Alvin Matthews signs the agreement.

## Sentencing

### Count 1

The violation of 18 U.S.C. § 1958 to which Alvin Matthews agrees to plead guilty carries a statutory maximum prison sentence of 20 years imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 2

The violation of 18 U.S.C. § 924 to which Alvin Matthews agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a maximum prison sentence of life imprisonment, consecutive to any other count of conviction, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 3

The violation of 18 U.S.C. § 922 to which Alvin Matthews agrees to plead guilty carries a statutory maximum prison sentence of 10 years imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Alvin Matthews is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Alvin Matthews ultimately will receive.

Further, in addition to imposing any other penalty on Alvin Matthews, the sentencing judge: (1) will order Alvin Matthews to pay an assessment of $100, per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Alvin Matthews to pay restitution pursuant to 18 U.S.C. § 3663 and § 3663A et seq.; (3) may order Alvin Matthews, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture of the Colt, .25 caliber semi-automatic handgun bearing serial number 304206 pursuant to 18 U.S.C. § 924(d); and (5) pursuant to pursuant to 18 U.S.C. § 3583, may require Alvin Matthews to serve a term of supervised release of not more than 3 years on Counts 1 and 3 and not more than 5 years on Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Alvin Matthews be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Alvin Matthews may be sentenced to not more than 2 years' imprisonment on Counts 1 and 3 and not more 5 years' imprisonment on Count 2 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Alvin Matthews by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Alvin Matthews's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Alvin Matthews agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any

stipulation is not binding shall not release either this Office or Alvin Matthews from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Alvin Matthews waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

Alvin Matthews consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Colt, .25 caliber semi-automatic handgun, serial number 304206 and ammunition, recovered at the time of his arrest on or about November 30, 2013.

Alvin Matthews waives all challenges of any kind to the forfeiture and abandonment of the firearm and ammunition by federal, state, and/or local law enforcement. Alvin Matthews further waives any additional notice requirement in connection with the forfeiture and abandonment of the firearm and ammunition and consents to the destruction of the forfeited and abandoned firearm and ammunition at the discretion of federal, state, and/or local law enforcement.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Alvin Matthews. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Alvin Matthews.

### No Other Promises

This agreement constitutes the plea agreement between Alvin Matthews and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

BY: JASON M. RICHARDSON
MATTHEW T. SMITH
Assistant U.S. Attorneys

APPROVED:

R. STEPHEN STIGALL
Attorney-in-Charge, Camden

I have received this letter from my attorney, Justin Loughry, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 3-24-14
ALVIN MATTHEWS

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 3-24-14
JUSTIN LOUGHRY, ESQUIRE

Plea Agreement With Alvin Matthews

Schedule A

1.  This Office and Alvin Matthews recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Alvin Matthews nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

Count 1

3.  The applicable guideline for conspiracy to use interstate commerce facilities in the commission of a murder-for-hire is U.S.S.G. § 2E1.4.

4.  The Base Offense Level is 32. See U.S.S.G. § 2E1.4(a)(1).

5.  Accordingly, the adjusted offense level for Count 1 is 32.

Count 2

6.  The applicable guideline is U.S.S.G. § 2K2.4. Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute, which is not less than 10 years imprisonment. 18 U.S.C. § 924(c)(1)(A)(iii).

Count 3

7.  The applicable guideline for a previously convicted felon in possession of a firearm is U.S.S.G. § 2K2.1.

8.  Because Alvin Matthews was a prohibited person at the time of instant offense, the Base Offense Level is 14. See U.S.S.G. § 2K2.1(a)(6).

9.  Because Alvin Matthews used, possessed or aided and abetted the use or possession of the Colt, .25 caliber semi-automatic handgun in connection with another felony offense, the Base Offense Level is increased by 4 levels. See U.S.S.G. § 2K2.1(b)(6)(B).

10. Accordingly, the adjusted offense level for Count 3 is 18.

Combined Offense Level for Offenses

      11.    Under U.S.S.G. § 3D1.2(c) and (d), Counts 1 and 3 group because a Specific Offense Characteristic in the applicable guideline for Count 1 embodies conduct in Count 3. Therefore, the two Counts are grouped together into a single group with a combined offense level of 32.

All Counts

      12.    As of the date of this letter, Alvin Matthews has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Alvin Matthews's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

      13.    As of the date of this letter, Alvin Matthews has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Alvin Matthews's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Alvin Matthews enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Alvin Matthews's acceptance of responsibility has continued through the date of sentencing and Alvin Matthews therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Alvin Matthews's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

      14.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Alvin Matthews is 29 (the "agreed total Guidelines offense level").

      15.    The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Alvin Matthews reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2). The United States reserves its right to oppose any such application.

      16.    Alvin Matthews knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence

falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29 for Counts 1 and 3 and the sentence for Count 2 does not exceed a consecutive 10 years imprisonment. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29 for Counts 1 and 3 and the sentence for Count 2 does not fall below a consecutive 10 years imprisonment. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      17.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.